LABAUVE, J., recused.

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~

## JUAN MARCAL *v.* SIMON MELLIET.

Though the holder of paper, fairly negotiated, be entitled to recover and to shut out almost every equitable defence, yet, the rule applies only to the case of negotiable paper taken bona fide in the course of business, before it falls due.

If taken after it is due and payable, the presumption is against the validity of the demand, and the purchaser takes it as a dishonored bill, at his peril, subject to every defence against it before it was negotiated.

An endorsement extending the time for the payment of a note, made after its maturity, does not invest it with its original unrestricted negotiable quality.

APPEAL from the Second District Court of New Orleans, *Thomas*, J. *Field & Shackleford*, for plaintiff and appellant. *Roselius & A. Philips*, for defendant.

ILSLEY, J. This case was commenced by executory process, upon a mortgage note executed by the defendant, payable to his own order and endorsed by himself and one Pierre Tuvillier, to whom the mortgage was made.

The hypothecated property was seized and advertised, but, previous to the day of sale, the defendant filed an opposition and obtained an injunction, under the 738th Article of the Code of Practice, on the allegation of payment.

The plaintiff then ruled him to show cause why the said injunction should not be dissolved, with damages, on the grounds: 1. That the allegations of the opposition, upon which the injunction was obtained, were untrue. 2. That the plaintiff became the bona fide holder of the said note for value, before maturity, and that the defendant was endeavoring to perpetrate a fraud upon him.

Upon the trial of the *rule*, the injunction was perpetuated; and the plaintiff now prosecutes this appeal.

The note, with the endorsements on it, is in the following words:

"$1,500.    New Orleans, July 15th, 1861.    One year after date, I pro-mise to pay to the order of myself, fifteen hundred dollars, value received, with interest, at the rate of eight per cent. per annum from maturity, until paid.

<div style="text-align:right">

(Signed)                            SIMON MELLIET.

</div>

(Paraphed)           Nevarietur ce 15 Juillet, 1861.

<div style="text-align:right">

OCTAVE DE ARMAS, Notary-Public.

</div>

Endorsed,            SIMON MELLIET,

                    PIERRE TUVILLIER.

The note bore this endorsement:

"A ma demande, le paiement du billet ci-contre est prorogé au quinze juillet, mil huit cent soixante-quatre, époque à laquelle je devrai deux ans d'intérêts à 8 pour cent, que je m'oblige à payer en même temps que le capital.

Nouvelle-Orléans, le 24 juin 1863.

<div style="text-align:right">

SIMON MILLIET.

</div>

It will be observed that the note, upon its face, matured on the 15th July, 1862; and that the defendant, not having then paid it, by an endorsement made on it, on the 24th June, 1863, obtained a prolongation of the time, until the 15th July, 1864.

The grounds upon which the executory proceedings were enjoined, were that, on the 16th September, 1863, the plaintiff in injunction had paid to the holder and mortgagee, the said note, principal and interest, which was then delivered to him; that the said note was afterwards lost or stolen from him; and the said plaintiff in injunction avers that Marcal has no title whatever to the said note, and obtained the possession of it surreptitiously, without paying for it any consideration.

There is not a particle of doubt that Melliet, the maker of the note, paid and took it up; and that it was subsequently stolen from him, and afterwards came into the possession of Marcal, the plaintiff, whose counsel submits to us, for solution, the following question:

"Does the endorsement, made and signed by the maker of the note, so extend the time of payment or maturity of the said note as to protect the plaintiff, a bona fide purchaser for value, within the extended time, from any equities that the defendant, Melliet, might have against it?

Without stopping now to enquire into the fact, whether Marcal ac-quired the note bona fide, we deem the general rule, in regard to the transfer of bills and notes, to be this, that, "though the holder of paper, fairly negotiated, be entitled to recover and to shut out almost every equitable defence, yet, the rule applies only to the case of negotiable paper, taken bona fide, in the course of business, before it falls due."

"If taken after it is due and payable, the presumption is against the

validity of the demand, and the purchaser takes it as a dishonored bill, at his peril, subject to every defence against it before it was negotiated." Kent, vol. 3, p. 120, edition 1858.

Does the case presented fall within any required exception to this general rule ? We think not. Indeed, there is no precedent to be found wherein, by the means of such an endorsement, matured paper was resuscitated for all legal purposes.

When the endorsement on the note sued on was made, long after its maturity, it was the mere restricted negotiable instrument; and the only effect of the endorsement was to arrest judicial proceedings for its collection, until the arrival of the second stipulated period, and to fix a new starting point for prescription. The endorsement did not revive the note so as to invest it with its original unrestricted negotiable quality; and the equitable defence of payment, which the maker of the note had against Tuvillier, he has against Marcal.

This is the deliberate opinion of the Court; but apart from this, we think that the stolen note was not fairly acquired by Marcal ; for, when he was interrogated, as to the manner in which his title to it was derived, and in whose presence the transfer was made to him, he answered delibe- rately that he purchased the note from Tuvillier, but that nobody was present at the time of the transaction ; as "Tuvillier would not do business when any one was present ;" and yet, on the trial of the case, he produced a witness, who not only testified that *he* was present at the transaction, but narrates with great particularity everything that occurred thereat. Now, if, as the plaintiff, Marcal, declared, in the presence of these witnesses, no one was present when he purchased the note, then this witness was not present, for had he been, nothing would have been done.

This attempt to foist the testimony of this witness on the Court, in contradiction to his own previous assertion, destroys any presumption of ownership in the note, which would have resulted from his possession of it ; as he claims no other title to it, than that derived from Tuvillier.

The judgment of the lower Court must be affirmed. It is therefore ordered, adjudged and decreed that the judgment of the lower Court be affirmed ; the costs of appeal to be paid by the appellant.

HYMAN, C. J., recused.