(128 So. 528)

SINGER v. KOHLMAN.

No. 29994.

May 5, 1930.

Charles Rosen and Alexis Brian, both of New Orleans, for appellant.

Roger Meunier and A. D. Danziger, both of New Orleans (P. H. Stern, of New Orleans, of counsel), for appellee.

## ST. PAUL, J.

This is a suit upon three promissory notes, the last of a series of six, each for the sum of $2,375, dated September 30, 1907, maturing respectively in 1, 2, 3, 4, 5, and 6 years, and bearing interest at 6 per cent. from date. The defense is that said notes were paid before maturity; that plaintiff acquired them after maturity and is not a holder in due course; that defendant received no consideration for said notes when reissued.

Plaintiff claims that said notes were acquired by him for full value, and that said notes were negotiable at the time he took them, because, although then past maturity, said notes had an indorsement upon them, signed by the defendant after their first maturity, extending the maturity thereof for ten years thereafter, which extended maturity had not expired when plaintiff acquired them.

Plaintiff further urges that defendant is estopped from denying the validity of said notes (1) because plaintiff acquired them for full value from one Harry Koritzky, who had acquired them also for full value from the heir of one Henry Hausmann, in whose succession defendant had acted as an appraiser together with said Koritzky and appraised said notes at their full value, and (2) because before taking said notes from Koritzky plaintiff had applied to defendant to request him to anticipate payment of said notes, which had not yet matured under their extended maturity, and that defendant then failed to notify plaintiff that he, defendant, disputed in any way the validity of said notes.

## I.

Defendant's contention is that after paying these three notes, aggregating $7,125, and executing three other notes of $2,625 each, aggregating $7,875, he took the whole six notes, aggregating $15,000, for the purpose of borrowing from Henry Hausmann half that sum, to wit, $7,500; and left the $15,000 in the hands of Hausmann, for the sole purpose of making it appear that the $900 of interest per year which he paid said Hausmann was not 12 per cent. on $7,500 but 6 per cent. on $15,000.

This does not impress us favorably. It is inconsistent with defendant's failure to mention, when appraising the estate of Hausmann, that the six notes aggregating $15,000 did not represent an indebtedness for that sum, but only of $7,500. It is also inconsistent with the fact that he paid Koritzky the interest called for by the notes, to wit, $900, although there is no pretense that he had any agreement with Koritzky to pay him interest at the rate of 12 per cent., and never at any time pretended to Koritzky that he owed only $7,500 thereon; which continued for more than six years.

But be that as it may, the fact remains that in taking the inventory of Henry Hausmann's estate, the defendant did appraise the three notes herein sued upon, and the three others heretofore mentioned, at their full face value in the presence of, and to the knowledge of, said Koriyzky, who thereafter paid full value for all of said notes to the heir of said Hausmann, and thereafter received from defendant for six years the interest the notes appeared to bear, without the least suggestion that the interest he was receiving was 12 per cent. on $7,500 instead of 6 per cent. on $15,000.

Defendant is therefore clearly estopped as to said Koritzky from denying the validity of said notes. And since Koritzky had an indefeasible title to said notes he could, and did, transfer the same indefeasible title to this plaintiff.

## II.

This suffices to dispose of the case. But we think that the evidence, though conflicting, establishes the fact that Singer did call on defendant to request him to anticipate payment of the notes, and that defendant made no objection to the notes at the time, although he was made aware that plaintiff intended taking said notes at their full value from Koritzky, in payment of some real estate which he was about to sell to Koritzky.

The fact of the matter is that we believe that defendant owes the full amount of these notes; for not only did defendant pay the interest to Koritzsky for six years without the slightest intimation that the interest paid was other than what the notes called for, but when plaintiff and his attorney called for the interest in 1923, defendant again paid it without explanation whatsoever, and made not the least objection when the attorney in his presence indorsed the interest payment on all six of the notes.

## III.

■ Finally, we think the notes were negotiable. There are three old decisions, holding obiter dictum that notes whose maturity has been extended after the date of their first maturity are not negotiable. Marcal v. Melliet, 18 La. Ann. 223; Bank v. Bouny, 42 La. Ann. 439, 7 So. 586; and Sagory v. Bank, 42 La. Ann. 627, 7 So. 633. But there are two later decisions, Bank v. Cannon, 52 La. Ann. 1484, 27 So. 948, and Hollingworth v. Ratcliff, 162 La. 281, 110 So. 422, holding that an indorsement of a note, after ma-

turity, extending the date of payment revives it so as to make it negotiable as respects one taking it before the maturity so extended. The judgment below was for plaintiff, and we think it correct.

### Decree.

The judgment appealed from is therefore affirmed.