Plaintiff, Frank J. Glammanchere, filed suit against the defendants, Lucas DiGiovanni, the owner of the property, and Fabian S. Mumme, a real estate broker, for the return of a deposit of $100, retained by Mumme in connection with an agreement to purchase from DiGiovanni a certain piece of property for the sum of $4,000 and for an additional $100, from defendant, DiGiovanni, representing a return of "double the deposit" or the sum of $200. *Page 275 
The defendants each filed an answer. DiGiovanni admits the execution of the agreement in question, but denies that plaintiff was entitled to a return of the deposit. He further answered and reconvened claiming the full amount of the deposit of $100.
Mumme answered admitting the allegations of plaintiff's petition and emphatically maintained that he was merely a stakeholder of the deposit made by plaintiff, and that he should not be liable for any of the costs incident to this suit.
The court, a qua, dismissed plaintiff's suit and rendered judgment in conformity with the reconventional demand of defendant, DiGiovanni, in the full sum of $100 and decreed a forfeiture of the deposit held by defendant Mumme, the real estate broker. Hence this appeal by plaintiff.
The record reflects that on March 27, 1947, the plaintiff offered to purchase the premises No. 2775 Bay Street, in the City of New Orleans, for $4,000, subject to a G. I. loan on their usual terms and conditions, which offer was accepted by defendant. The offer was executed on a conventional printed real estate form, the principal portion of which reads: —
"Act of sale to be passed before Homestead's Esq., Notary, on or prior to May 27, 1947 at expense of purchaser.
"If this offer is accepted I will deposit with Vendor's Agent immediately in cash One hundred and no/100 ($100.00) Dollars.
"* * * In event that purchaser fails to comply with this agreement within the time specified, the vendor shall have the right, either to declare the deposit, ipso facto, forfeited, without formality and without placing purchaser in default, or the vendor may demand specific performance. In the event that the deposit is forfeited, the commission of the agent shall be paid out of this deposit, reserving to the vendor the right to proceed against purchaser for the recovery of the amount of the commission. In the event that the vendor does not comply with this agreement to sell within the time specified, purchaser shall have the right either to demand the return of double deposit, or specific performance. * * *"
Both plaintiff and defendants admit that the act of sale was not passed on or prior to May 27, 1947, and that in July, 1947, when defendant, DiGiovanni, was notified that the act of sale was to be passed July 17, 1947, he called defendant Mumme and stated "that the deal was off after May 27th, 1947."
Defendants contend that the plaintiff defaulted in failing to take title on or before May 27, 1947, and is, therefore, not in a position to demand the return of double his deposit, but plaintiff maintains that a non-compliance with the provision did not have the effect of placing him, ipso facto, in default because he contends that "where the breach is passive and the obligations of the parties are to be performed simultaneously, it is necessary before either may charge the other with having broken the agreement, that he place the other in default."
In view of the stipulation contained in the "agreement to purchase or sell", that the purchaser is in default, without formality, upon his failure to take title to the property on or prior to May 27, 1947, it would appear that defendants' plea is well founded, as the language contained in the form of contract used by the parties is clear, explicit and unambiguous. Article1945 of the Civil Code provides that legal agreements have the effect of law upon the parties and "none but the parties can abrogate or modify them"; that the courts are bound to give legal effect to all contracts according to the true intent of the parties and that the intent "is to be determined by the words of the contract, when these are clear and explicit and lead to no absurd consequences".
Plaintiff was in default on and after May 27, 1947, and he could not subsequently place defendant DiGiovanni in default, as Article 1913 of the Civil Code provides that in commutative contracts, where reciprocal obligations are to be performed at the same time, "the party who wishes to put the other in default, must, at the time and place expressed in, or implied by the agreement offer or perform, as the contract requires that which on his part was to be performed, *Page 276 
otherwise the opposite party will not be legally put in default." See Stafford, Derbes Roy v. DeGruy, 172 La. 160,133 So. 430.
Plaintiff also contends that, even if we should assume that he was required to take title on or prior to May 27, 1947, the defendant DiGiovanni "by treating the contract as still in force after that date, barred himself from later claiming that the agreement had no valid existence beyond it".
We are of the opinion that this contention is not sound in view of the fact that this was a contract to purchase and sell real estate, and any extension of time for performance, where failure to comply, ipso facto, places the offeror in default, would, of necessity, have to be in writing in order to comply with the requisites contained in Civil Code, Article 2276.
In our opinion the case of Di Cristina v. Weiser, Sup.,42 So.2d 868, decided June 30, 1949, rehearing denied November 7, 1949, is apposite and controlling. In that case the purchaser sought specific performance of the contract of sale. Defendant contended that the plaintiff defaulted under the agreement in failing to take title on or before April 2, 1946, and that, therefore, he was not in a position to demand specific performance. There was no written agreement relative to an extension of time executed between the parties and the court held that since this was a contract to purchase and sell real estate, any extension of time for performance, where failure to comply, ipso facto, places the offeror in default, would have to be in writing under Article 2276 of the Civil Code. In its decision the Supreme Court cited with approval Conklin v. Caffall, 189 La. 301, 179 So. 434.
We are of the opinion that the judgment of the lower court was correct in dismissing plaintiff's suit and rendering judgment in conformity with the reconventional demand of defendant, DiGiovanni, in the full sum of $100 and decreeing a forfeiture of the deposit held by defendant Mumme, the real estate broker. The terminology of the contract used by the parties is clear, explicit and unambiguous. Plaintiff was in default on and after May 27, 1947, and he could not subsequently place DiGiovanni in default as we have indicated elsewhere in this opinion and, inasmuch as the plaintiff failed to comply with the agreement timely, the defendant, DiGiovanni, had the right either to declare the deposit, ipso facto, forfeited, without formality and without placing the plaintiff in default or he could have demanded specific performance. In the instant case DiGiovanni chose to declare the deposit forfeited and, in our opinion, he had a right to do this.
For the reasons assigned the judgment appealed from is affirmed at the cost of plaintiff.
Affirmed.