REGAN, Judge.
Plaintiffs, D. B. Nettles, vendee, Samuel Longo and Gerald M. Tiejelo, respectively vendee’s and vendor’s real estate broker, instituted this suit against the defendants, Mr. and Mrs. Maury B. Thibodeaux, vendors, endeavoring to recover on behalf of plaintiff, Nettles, the sum of $800 “double the deposit” made by him in connection with an agreement to purchase from defendants a certain piece of property for the sum of $4,000, together with an attorney’s fee of $200, and on behalf of plaintiffs, Longo and Tiejelo, the sum of $100 each representing the 'brokers’ real estate commission, together with an attorney’s fee of $25 allegedly due to, each broker.
Defendants filed exceptions of “vagueness”, “no right or cause of action” and “a misjoinder of parties plaintiff” which were overruled, and then answered by way of a general denial.
The court, a qua, rendered judgment irf favor of plaintiff Nettles in the amount of $600 and in favor of pl-aintiffs,' Longo and Tiejelo, in the sum of $100 each. Hence this appeal by defendants. Plaintiffs have answered the appeal and request that the judgment be amended in conformity with their original demand.
The record reflects that on June 22, 1948, Nettles offered to purchase, through his agent, Longo, three lots of ground in the Parish of Jefferson, together with the improvements situated thereon, for $4,000, which offer was simultaneously accepted by the defendants, who were represented in the transaction by their agent, Tiejelo. The offer and 'acceptance thereof was executed on a conventional printed real estate form and was addressed to Samuel P. Longo, agent for Nettles. It provided, among oth-éfi things, that a formal act of sale was to foe passed on or prior to August 22, 1948, at purchaser’s expense, before the lending agency’s notary, and that upon acceptance of the offer, he would deposit with the vendor’s agent, Gerald M. Tiejelo, the sum of $400 in cash. It also stipulated: “In event that purchaser fails to comply with this agreement within the time specified, the vendor shall have the right, either to declare the deposit, ipso facto, forfeited, without formality and without placing purchaser in default, or the vendor may demand specific performance. In the event that the deposit is forfeited, the commission of the agent shall be paid out of this deposit, reserving to the vendor the right to proceed against purchaser for the recovery of the amount of the commission. In the event that the vendor does not comply with this agreement to sell within the time specified, purchaser shall have the right either to demand the return of double the deposit, or specific performance.”
Plaintiff, Nettles, succeeded, through his agent, Longo, in negotiating a loan from an individual source, and the attorney and notary for the' mortgagee, Mr. Allain An-dry, examined the title to the property in question and, thereafter ordered the usual certificates, which he testified were dated August 17, 1948. Upon receipt of the mortgage certificate by him, he noted the appearance thereon of “a vendor’s lien in fav- or of the Homeseekers Building & Loan Association and two other lien inscriptions, óñe in favor of Brandin Slate & Roofing Company; and the second in favor of Joseph Polizzi.” On or about August 20, 1948, Mr. Andry informed defendants, through the medium of a telephone conversation of these inscriptions appearing in the mortgage certificate and “after two or tliree telephone conversations, which probably took a week or ten days”, Mr. Andry testified he personally turned the mortgage certificate over to defendant, Thibodeaux, to “give to his lawyer.” Mr. Andry stated “I would fix the date that I gave ¡him the mortgage certificate at sometime after September 1, 1948.” Defendant, Thibodeaux, denies the receipt of this certificate from Mr. Andry.
*373 Both plaintiffs and defendants admit that the act of sale was not passed-on or prior to August 22, 1948, and that date passed apparently unnoticed by the plaintiffs and defendants; that under the respective dates of September 16 and 23, 1948, plaintiffs’ attorney addressed a letter to defendants, the first of which reads in part “pursuant to said contract, we have the right to demand specific performance, that is, delivery of the title or, in the alternative, double the deposit. * * * and unless you advise us within the next three days of your intentions in this matter, we shall proceed to ■elect our remedy and bring legal proceedings against you.” The letter of September 23rd, merely reiterated the finality of plaintiffs’ demand upon defendants.
Mr. Andry testified that he had never “put Mr. and Mrs. Thibodeaux (defendants) in default” and that “no request was ■ever made of Mr. Thibodeaux or of the prospective purchaser, for that matter, to fix the date for the passage of the act of sale”, and that he had examined the title and found it to Ibe merchantable, providing, ■of course, that the inscriptions referred to hereinabove were removed.
Plaintiff, Nettles, testified that he had never made any demand upon defendants to deliver title to him, nor did he ever obtain from defendants a written agreement to extend the date of taking title on August 22, 1948, to any subsequent date.
Both real estate brokers testified that they knew nothing of the matter except that the deposit had been received by Longo, who gave it to Tiejelo, who admitted there-tention thereof.
Defendant, Thibodeaux, testified that he did visit Mr. Andry’s office in response to a telephone call, 'but the visit occurred some time after August 22, 1948, at which time he was informed of the three inscriptions appearing on the mortgage certificate ; that he knew of the existence of the vendor’s lien in favor of the Homeseekers Building & Loan Association, but was surprised to learn of the liens against this particular piece of property in favor of Brandin Slate - & Roofing Company and Joseph Polizzi, because it was his impression that these liens only applied to other property owned by him; that he requested Mr. Andry to contact his attorney, Mr. Sydney J. Parlongue, who could discuss ' the whole matter more intelligently with him and denied that Mr. Audry “sometime .after September 1, 1948”, or ever, delivered to him the mortgage certificate, upon the face of which these inscriptions appear. He admits receiving' the two letters from' plaintiffs’ attorney, dated September 16 and September 23, 1948. He further testified that Mr. Andry never fixed any daté for the passage of the formal act of sale and that he was never put in default either formally or'informally.
. Plaintiff, Nettles, insists that defendants failed to deliver a merchantable title to the property which was free and clear of encumbrances, which per se was an active breach of the “agreement to purchase or sell”, a fortiori, plaintiff, Nettles, was not required to put defendants formally in default, or make a real tender, in consequence thereof the conclusions reached by the court, a qua, should be amended in conformity with plaintiffs’ original demand and then affirmed.
Defendants in opposition thereto, maintain that the plaintiff, Nettles, defaulted in failing to take title on or before August 22, 1948, and is, therefore, not in a position to demand the return of double his deposit and, in the alternative, that the presence of a mortgage and two liens against the property did not render the title unmerchantable because plaintiff, Nettles, should have demanded that the existing encumbrances be paid out of the proceeds of the sale in view of the fact that the total amount necessary to cancel the inscriptions appearing in :the mortgage certificate is less than the sale price of the property.
The case of DiCristina v. Weiser, 215 La. 1115, 42 So.2d 868, decided by the Supreme Court June 30, 1949, rehearing denied November 7, 1949, is apposite and controlling. In fact, the language used therein permits of practical paraphrasing herein.
In view of the stipulation contained in the “agreement to purchase or sell”, that the purchaser is in default, without formality, upon his failure to take title to the property on or prior to August 22, 1948, it *374 would appear that defendants’ plea is well founded, as the language .contained in the form of contract used by the parties is clear, explicit and unambiguous.. Article 1945 of the Civil Code provides that legal agreements have the effect of law upon the parties and “none but the -parties can abrogate or modify thefn” ; that the courts are bound to give legal effect to all contracts according to the true intent of the parties and that the intent “is to be determined by the words of the contract, when these are clear and explicit and lead to no absurd consequences”.
Plaintiff, Nettles, was in default on and after August 22, 1948, and he could not subsequently place the defendants in default as Article 1913 of the Civil Code provides that in commutative contracts, where reciprocal obligations are to be performed at the same time, “the party who wishes to put the other in default, must, at the time and place expressed in, or implied' by the agreement, offer or perform, as the contract requires, that which on his part was to be performed, otherwise the opposite party will not be legally put in default.” See Stafford, Derbes & Roy v. DeGruy, 172 La. 160, 133 So. 430.
Plaintiff, Nettles, also contends that even if it be held that he was required to take title on or 'before August, 22, 1948, defendant, Thibodeaux, “in his various dealings with Mr. Allain Andry constituted a definite extension of the time limit”, and, therefore, barred himself from later claiming that the agreement had no valid existence after August 22, 1948.
We are of the opinion that this contention is not sound since this was a contract to purchase and sell real estate and any extension of time for performance, where failure to comply, ipso facto, places the offeror in-default, would, of necessity, have to be in- writing in order to comply with the requisites contained in Civil Code Article 2276. See also Conklin v. Caffall, 139 La. 301, 179 So. 434; Giammanchere v. DiGiovanni, et al., Fla., 43 So.2d 274, decided by this court, December 12, 1949.
The judgment of the court, a qua, awarded plaintiffs, Longo and Tiejelo, real estate brokers herein, the sum of $1.00 each as their commission. We are of the opinion that this judgment should be reversed in view of the fact that we have reached the conclusion that the plaintiff, Nettles, defaulted in failing to take title on .or before August 22, 1948, and, therefore, the judgment of the court, a qua, was in error in awarding the commission to the respective brokers.
For the reasons assigned the judgment appealed from is annulled, avoided and reversed and it is now ordered that there be judgment herein in favor of the defendants dismissing plaintiffs’ suit at their cost.
Reversed.