56 So.2d 550

**KENNEY v. WEDDERIN.**

**C. J. TESSIER, Inc., et al. v. WEDDERIN.**
**No. 39944.**

Dec. 10, 1951.

Rehearing Denied Jan. 14, 1952.

Robert G. Polack, Posey R. Bowers, New Orleans, for defendant-appellant.

Sidney G. Roos, New Orleans, for plaintiffs-appellees.

FOURNET, Chief Justice.

The plaintiff, Thomas J. Kenney—alleging that on January 17, 1949, he signed an offer to purchase the residence bearing municipal number 1335 Moss Street, New Orleans, from the defendant, Mrs. Sabria W. Lafont, for a consideration of $22,500, of which $17,500 was to be paid in cash and $5,000 was to be represented by a note to the owner bearing 5% interest, payable 12 months from date and secured by second mortgage on the property, the said sale being conditioned upon the plaintiff's ability to obtain a mortgage loan of $12,500 within fifteen days of acceptance of the offer at a rate of interest not to exceed 5% per annum and for a period of not less than 15 years; and alleging further that he deposited with the defendant's agent, in accordance with the terms of the offer, 10% of the purchase price in cash, upon the acceptance of the offer by the defendant on the following day, January 18, and that on February 2 he was ready and willing to proceed with the contract, having obtained a loan in accordance with the condition therein contained, which fact was communicated to the agent of the vendor on that date, but that she refused to complete the sale—filed suit bearing No. 289–104 in the Civil District Court against the vendor and her agent with whom the deposit had been made, C. J. Tessier, Inc., joining another real estate broker, LeSueur & Company (who were to receive half of the commission), seeking to recover from Tessier, Inc. and the vendor (in solido) the amount of the deposit, and additionally from the vendor as penalty an amount equal to the deposit plus expenses for title examination and notarial costs, totaling $4,619, as well as attorneys' fees of 25% of the principal and interest thereon.

Within ten days C. J. Tessier, Inc. and LeSueur & Company filed a joint answer admitting the allegations of the petition, stating that subsequent to filing of the suit Tessier, Inc., had returned the deposit to the plaintiff, denying that they were further indebted, and praying that insofar as they were concerned plaintiff's suit be dismissed. On the same day Tessier and LeSueur filed suit against Mrs. Lafont, bearing No.

289–383 on the docket of the Civil District Court, seeking a judgment condemning her to pay to them $1,000 as the agreed agents' commission, together with interest and 25% of the total as attorneys' fees, said amounts to be recovered half by the one firm and half by the other, under stipulations in the offer to purchase that "the commission is earned on signing of the agreement" and "either party hereto who fails to comply with the terms of this offer, if accepted, is obligated to pay the agents' commission and all fees and costs incurred in enforcing collection and damages."

The defendant answered, denying liability, contending that the suspensive condition in the contract—the obtaining of a loan of $12,500 upon certain terms within fifteen days of acceptance of the offer —was not complied with by the plaintiff-purchaser, and that under the provisions thereof the contract fell and the obligations of the defendant-vendor terminated. An alternative defense is that the purchaser was never able to tender performance.

The cases having been consolidated for trial upon motion of counsel for the defendant, the court rendered judgment, decreeing (1) that in cause No. 289–104 the plaintiff, Thomas J. Kenney, recover against the defendant, Mrs. Lafont, the sum of $2,369 with legal interest, together with 10% upon the aggregate as attorneys' fees, and dismissing the demand against C. J. Tessier, Inc.; and (2) in cause No. 289–383,

that C. J. Tessier, Inc. and LeSueur and Company recover against the defendant, Mrs. Lafont, the sum of $1,000 with interest, together with 10% on the aggregate as attorneys' fees, one-half of said sum to belong to each. The defendant has appealed.

It appears from the record that John LeSueur, whose agency was representing the purchaser in this transaction, sought to obtain a loan in compliance with the terms of the contract from homestead companies, among these being the Dryades Building and Loan Association, and that company, after receiving an appraisal by the Central Appraisal Bureau, notified LeSueur late on the afternoon of February 2 (the 15th day), by telephone, that they would make a loan of $10,000. An effort was made to get in touch with Blumenthal, a salesman of Tessier, Inc., who was representing the defendant, and in his absence a message was left with his wife which was transmitted to Blumenthal on his return shortly before midnight of the same day. (Mr. Blumenthal died prior to the commencement of these proceedings and his testimony was not available.) On the following morning (February 3d) Blumenthal informed the defendant that they had just received word from the Dryades company that the Bureau had appraised the property at $12,500 and therefore they (Dryades company) would not be able to make the loan of $12,500 applied for, but could only make one of $10,000; where-

upon it was agreed between Blumenthal and the defendant that the proper papers would be sent to her for signature, releasing the deposit to Mr. Kenney (the plaintiff). Inasmuch as it was apparent that $20,000 was as high a price as the defendant could expect to obtain for her home, she instructed her agent to withdraw the property from the market. Later during the same day, however, C. T. Miller, Vice-President and Sales Manager of Tessier, Inc., informed the defendant that they had secured the additional amount necessary for the loan and she would not be released from her agreement, whereupon she stated that the contract had expired under its terms. He nevertheless addressed a letter to her on February 4, advising her that the loan had been arranged through the French Market Homestead and that the title papers were being turned over to their attorneys. (The application for this loan had been made on the day previous, the 3rd, and was approved on the 7th, for an amount of $10,500, payable in 20 years instead of 15, and at 6% interest instead of 5%.)

John T. LeSueur, the plaintiff's agent, also wrote to the defendant, and the letter (dated February 3), which reached her on the 4th, read: "This is to notify you that 1335 Moss Street has been financial as per our contract, the act of sale to be set as soon as certificates can be obtained." The defendant thereupon consulted her attorney, who wrote to the plaintiff, sending copies to both real estate brokers, stating that as the conditions stipulated in the agreement had not been met by the plaintiff within the time and terms thereof, the property was withdrawn from the market. The Notary for the French Market Association, nevertheless testified that he was in his office prepared to pass the act of sale on March 14, but the defendant did not appear.

It is the plaintiff's contention that the stipulation in the contract for obtaining a loan, being one entirely in favor of the purchaser, could be waived by him at his will; and in any event the loan was obtained within the time limit in that it was communicated to the defendant's agent, whose knowledge is imputed to the principal.

While it is true, as stated, that the plaintiff's offer to purchase was conditioned upon his ability to secure a loan of $12,500 at a rate of interest not to exceed 5% per annum and for a period of not less than 15 years, and that this was clearly a stipulation in his favor, placed in the contract to insure his ability to finance the purchase, and that such stipulation could be waived by offering cash instead of securing a loan, Weingart v. Delgado, 204 La. 752, 16 So.2d 254—however, the limitation of time to a period of fifteen days from acceptance of the offer was obviously inserted for the protection of the vendor, placing a limitation on the condition in

the vendee's favor, upon the expiration of which period the contract terminated.

An effort was made to show that the plaintiff wrote a letter on the 2nd to his own agent, Mrs. LeSueur, agreeing to put up the additional $2,500 in cash. Suffice it to say that there is no evidence in the record that this letter was ever seen by anyone except the plaintiff and his agent. The fact that the plaintiff sought to cure the deficiency in the proposed loan by producing more cash after the contract had expired is of no moment, for under its specific terms the contract expired "fifteen days from acceptance hereof," which was midnight of February 2, and could not be revived without the express written consent of the defendant. DiCristina v. Weiser, 215 La. 1115, 42 So.2d 868.

Furthermore, the plaintiff is not relying on the proposed loan offered by the Dryades association, but according to the allegations of his petition is relying on the loan by the French Market Homestead, admittedly applied for on the 3rd of February and approved only on the 7th, long after the time limit set in the contract.

We are therefore of the opinion that the plaintiff having failed to secure a loan of $12,500 within the 15 day period, in accordance with the provisions of the agreement, the contract fell and the obligation of the vendor to sell terminated; and the judgment against the defendant in suit No. 289–104 of the Civil District Court will have to be reversed.

In suit No. 289–383 of the Civil District Court, however, this Court is obviously without jurisdiction of the appeal, the amount in dispute being less than $2,000. The fact that these two cases were consolidated for trial and the judgments in the respective cases, though separately rendered, were incorporated in the same document, does not alter the fact that they are two separate and distinct judgments, the result of two separate and distinct law suits consolidated solely for the purpose of trial.

For the reasons assigned, it is ordered, adjudged and decreed that the judgment of the lower court in suit No. 289–104 of the docket of the Civil District Court, Parish of Orleans, be and it is hereby annulled and set aside, and the plaintiff's suit is dismissed at his cost.

It is further ordered that the appeal in suit No. 289–383 of the docket of the Civil District Court, Parish of Orleans, be transferred to the Court of Appeal, Parish of Orleans, the transfer to be made within 30 days after this decree has become final; otherwise the appeal is to be dismissed; the appellant to pay the costs of the appeal to this Court and the costs of transferring the case to the Court of Appeal; all other costs to await the final determination of the case. LSA–R.S. 13:4441, 13:4442.