McBRIDE, Judge.
This case, involving less than $2,000, which had been consolidated with another, was transferred to us by the Supreme Court. See Kenney v. Wedderin, 220 La. 285, 56 So.2d 550. The plaintiffs, two real estate brokers, filed suit against the defendant seeking a judgment condemning her to pay them $1,000 as the agreed agents’ commission, together with interest and twenty-five per cent of the total as attorney’s fees, said amounts to be recovered half by the one firm and half by the other, under stipulations in a certain offer to purchase that “the commission is earned on signing of the agreement” and “either party hereto who fails to comply with the terms of this offer, if accepted, is obligated to pay the agents’ commission and all fees and costs incurred in enforcing collection and damages.” .
The plaintiffs alleged that they secured and that Mrs. Lafont accepted the offer'of one Thomas J. Kenny to purchase the property for $22,500, on terms of $17,500 cash and a $5,000 note, the offer being conditioned upon the ability of the purchaser to borrow upon the property the sum of $12,-500, said loan to be secured by purchaser within fifteen days. The petition alleges that Kenny was ready, willing, and able to take title to the property, but that the defendant, without just cause, refused to go through with the act of sale.
The court below rendered judgment in favor of plaintiffs for the sum of $1,000 with interest, plus ten per cent attorney’s fees, and the defendant took this appeal.
The defense relied upon is that the purchaser secured by the real estate brokers did not obtain the $12,500 loan within the time stipulated, which had the effect of canceling the agreement.
During the course of its opinion, Kenney v. Wedderin, 220 La. 285, 56 So.2d 550, 552 (in the case with which the instant case was consolidated) the Supreme Court, in speaking of the Kenny offer to purchase Mrs. Lafont’s property, said:
“We are therefore of the opinion that (Kenney) having failed to secure a loan of $12,500 within the 15 day period, in accordance with the provisions of the agreement, the contract fell and the obligation of the vendor to sell terminated ; * * ”
With admirable candor does counsel for the plaintiffs concede that, in view of the above conclusion of the Supreme Court, the case of his clients is so lacking in merit that they are not entitled to a recovery against Mrs. Lafont.
 The jurisprudence to that effect is well settled. When a prospective seller of property obligates himself to pay the *220 broker’s commission on his failure to comply with his agreement to sell, and the sale is not consummated because of the fault of the prospective purchaser, the seller owes no commission; the commission is only earned when the purchaser obtained is one who is ready, willing, and able to buy on the terms stated in the offer. Singer v. Kohlman, 170 La. 598, 128 So. 528; Nettles v. Vignes, La.App., 49 So.2d 371; McKelvy v. Milford, La.App., 37 So.2d 370. See also Boisseau v. Vallon & Jordano, Inc., 174 La. 492, 141 So. 38; Bourgeois v. N. J. Clesi, Inc., La.App., 38 So.2d 427.
It is now ordered that the judgment appealed from be reversed, and that plaintiffs’ suit be dismissed. Plaintiffs-appellees are to pay the costs of both courts.
Reversed.