283 So.2d 503 (1973)
Willis G. ADAMS
v.
Wright W. ADAMS.
No. 9455.
Court of Appeal of Louisiana, First Circuit.
June 29, 1973.
James F. Pierson, Jr., and Curtis K. Stafford, Baton Rouge, for appellant.
James H. Hynes and Davis A. Gueymard, Baton Rouge, for appellee.
Before LOTTINGER, ELLIS and CRAIN, JJ.
CRAIN, Judge.
This is a suit by Willis G. Adams, a real estate broker-agent against Wright W. Adams, a landowner, for his commission. On motion for summary judgment the trial court found that there was no issue of material fact and granted summary judgment dismissing plaintiff's demands. An appeal was taken from this decision. We affirm.
An examination of the pleadings and affidavits in the record reveals that there is no issue of material fact. The facts reveal that the appellant, Willis G. Adams, procured James F. Pierson, Jr. as a prospective purchaser of 5.47 acres of land owned by the appellee, Wright W. Adams. An agreement to purchase was executed which contained several terms and conditions, the relevant one being that the act of sale be passed before a notary public within 120 days. From the affidavits filed in evidence by both parties, there is no disagreement that Pierson failed to proceed with the purchase within the allotted time. When he did contact the appellee to allegedly arrange to have the act of sale passed, the 120 day period had expired and the appellee refused. The record is devoid of any alleged facts which would demonstrate any fault on the part of the appellee for Pierson's failure to act within the stipulated time.
The question thus presented is whether the landowner-seller can be held liable to the real estate broker for his commission where the prospective purchaser fails to comply with the terms of the agreement to purchase by failing to have the act of sale passed within the stipulated period of time. This question has previously been answered in the negative. Boisseau v. Vallon and Jordano, Inc., et al., 174 La. 492, 141 So. 38 (1932). Spiro v. Corpora, 174 So. 145, Orleans Court of Appeal (1937); Nettles v. Vignes, 49 So.2d 371, Orleans Court of Appeal (1950).
Accordingly the trial court's decision was correct.
Affirmed.