337 So.2d 295 (1976)
Gale A. CARTER d/b/a Gale Carter Realty, Plaintiff-Appellant,
v.
E. L. HAYES, Defendant-Appellee.
No. 12990.
Court of Appeal of Louisiana, Second Circuit.
August 31, 1976.
Rehearing Denied September 27, 1976.
Writ Refused December 3, 1976.
*296 Rankin & Yeldell, by James E. Yeldell, Bastrop, for plaintiff-appellant.
Woodrow Wilson, Bastrop, for defendantappellee.
Before BOLIN, PRICE and JONES, JJ.
En Banc. Rehearing Denied September 27, 1976.
BOLIN, Judge.
Gale A. Carter, a licensed real estate broker and agent, sued E. L. Hayes to recover $5,000 commission on a sale of farmland owned by defendant. The trial judge found the sale was made after the six-month written real estate contract had expired and rejected plaintiff's demands. He appeals and we reverse.
Since the contract to sell was admittedly not consummated until the listing contract had expired, the issue is whether the realtor "interested" a buyer during the contract period and, if not, whether defendant tacitly extended the contract beyond the date of the sale.
Defendant gave plaintiff a six-month exclusive contract to sell his farm. This contract expired on February 1, 1975, provided "a sale is not pending." The contract required defendant to pay the commission if the property was sold within six months after its expiration, "provided the purchaser has become interested in said property as a result of the efforts or advertising of said agent during the active term of this listing." Defendant contracted to sell the property to Thomas Hollanger on February 13, 1975.
On January 21, plaintiff met Hollanger at a gathering of farmers. Hollanger, president of a rice farm corporation, had been a customer of plaintiff. Hollanger inquired of plaintiff if he had any farms for sale which might be converted into rice production, and plaintiff indicated he did although he made no mention of any particular farm which he had available.
Two or three days later, Hollanger called on two consecutive days at plaintiff's office to inquire which farms were on the market but plaintiff was not available. Several days later, Hollanger again called and talked to plaintiff asking him to call Hollanger at his house. That evening plaintiff went to the Hollanger home and discussed in detail two farms, one of which was defendant's property. At this meeting, which was after February 1st, Hollanger expressed interest in defendant's property. On the following morning Carter accompanied Hollanger to show him defendant's property.
Plaintiff then telephoned defendant and told him that he had some people interested in a rice farm; that he knew the listing had expired, but wanted to know if defendant still wanted to sell the land. Defendant answered in the affirmative. There was no direct discussion on an extension of the listing.
Later, Hollanger called plaintiff and told him he wanted to go on the land and locate water wells. Carter then called defendant and asked him to show Hollanger the wells, which defendant agreed to do. Again, there was no mention of the listing nor did *297 defendant request that Carter cease his efforts.
It was February 9 or 10 when defendant met Hollanger at the farm and thus learned the name of the man who was interested in buying his farm. He told Hollanger the listing had expired and negotiations would have to be conducted with him personally. Two or three days later the contract of sale was signed and the act of sale was executed on March 6. The sale was made for the exact price Carter had quoted to Hollanger, which was originally intended to allow Carter $25 per acre commission over the amount defendant had wished to receive as the net selling price. Carter demanded his commission but defendant refused to pay, declaring the contract had expired February 1, and this lawsuit ensued.
In holding Carter was not entitled to a commission, the trial court emphasized that while Hollanger knew Carter had some land to sell prior to February 1, he did not know the owner, the price, or the location of the land. The court held one cannot be a prospective purchaser unless the property has been identified to the purchaser.
We find no identification requirement in the listing agreement. The contract requires only that the purchaser become "interested" in the property due to the efforts of the agent during the active term of the contract.
A real estate agent is entitled to his commission, even though the sale is made after the termination of the agency contract, if the agent, during the term of the contract, interests a purchaser which directly leads to the sale. The mere fact that the sale may have been in some way aided by the efforts of the agent does not alone entitle the agent to his commission. "Interesting a purchaser" is often referred to in our case law as "procuring cause". Cramer v. Guercio, 331 So.2d 550 (La.App. 1st. Cir., 1976) and cases cited therein.
Sleet v. Williams, 291 So.2d 495, 498 (La.App. 3d Cir., 1974) gives the following definition of procuring cause as found in 12 C.J.S. Brokers § 91, page 208:
"As used in that branch of the law relating to brokers' commissions, the terms `procuring cause', `efficient cause', and `proximate cause' have substantially, if not quite, the same meaning and are often used interchangeably; they refer to a cause originating or setting in motion a series of events which, without break in their continuity, result in the accomplishment of the prime object of the employment of the broker, which may variously be a sale . . ."
During the six months period of the listing agreement Carter had advertised the property and he had shown it to numerous prospective purchasers. All of his actions beginning January 21, and continuing almost daily through February 10, were directed toward procuring a purchaser for defendant's farm. Hollanger did not know defendant's property existed until so informed by Carter; defendant would never have known about Hollanger had Carter not called him about the prospective purchaser; the sale was effected within a time span of less than one month, during which time no other prospective purchasers appeared and none had been seriously interested within the preceding twelve months. These facts lead us to conclude the "purchaser had become interested in said property as a result of the efforts or advertising of said agent during the active term of this listing."
Having decided Carter may recover under the terms of the listing contract, we need not decide whether defendant tacitly extended the contract.
The judgment is reversed and there is now judgment in favor of Gale A. Carter d/b/a Gale Carter Realty against E. L. Hayes for $5,000 plus legal interest from judicial demand until paid, plus costs.