351 So.2d 286 (1977)
Phillip M. SLEET d/b/a Phil Sleet Realtor, Plaintiff-Appellee,
v.
John L. GRAY et al., Defendants-Appellants.
No. 6133.
Court of Appeal of Louisiana, Third Circuit.
October 17, 1977.
Rehearing Denied November 10, 1977.
Neblett & Fuhrer by Leonard Fuhrer, Alexandria, for defendants-appellants.
Provosty & Sadler by Albin A. Provosty, Alexandria, for plaintiff-appellee.
Before HOOD, CULPEPPER and GUIDRY, JJ.
*287 GUIDRY, Judge.
Defendants appeal from a summary judgment which condemns them to pay plaintiff the principal sum of $3000.00 together with legal interest from date of judicial demand until paid.
The factual circumstances giving rise to the instant litigation are not in dispute. Appellants do not seriously contend that a genuine issue of material fact exists which would preclude rendition of summary judgment. Rather, appellants contend that, considering the undisputed facts, plaintiff is not entitled to judgment as a matter of law.
The pleadings, affidavits and admissions of the parties reveal the following facts:
Plaintiff owns and operates a real estate agency in Alexandria, Louisiana. Defendants, desiring to sell certain property owned by them in the City of Alexandria, contacted plaintiff and requested his assistance in securing a purchaser. Plaintiff and defendants did not enter into a formal listing contract. Pursuant to the aforesaid verbal arrangement plaintiff procured a purchaser, Charles A. Anderson, and negotiated with him as to the terms and conditions of a proposed sale. Following these negotiations and on May 10,1976 plaintiff prepared a contract to buy and sell on a "standard form" for signature by defendants, as "sellers", and Charles A. Anderson, as "buyer". This contract, which provided for a sale of defendants' property to Charles A. Anderson within 30 days of May 10, 1976 for a cash consideration of $30,000.00, was executed on the aforesaid date by all parties. The "buy-sell" agreement so executed contains the following recital as to the commission to be paid plaintiff by defendants for the services rendered by him, viz.: "We hereby agree to pay Phil Sleet Realtor a 10% sales commission at close of sale".
The sale was not consummated within 30 days because of Anderson's refusal to go through with the deal. A sale by defendants to Anderson of the property described in the "buy-sell" agreement for a cash consideration of $30,000.00 was finally confected on July 28, 1976. Defendants allege in their affidavits that Anderson ultimately took title for the consideration agreed upon as a result of their threats to seek specific performance of the "buy-sell" agreement. After passage of the sale plaintiff made demand upon defendants for his 10% commission which demand was without avail. Plaintiff thereafter instituted this suit.
Appellants contend that the trial court erred in rendering summary judgment in favor of plaintiff because the sale was not passed within 30 days as provided in the "buy-sell" agreement. In the alternative, appellants contend that plaintiff is not entitled to judgment because when Anderson stated that he did not intend to buy the property, plaintiff abandoned his efforts to have Anderson comply with his contract and it was only as a result of the action taken by defendants that the sale was finally confected.
At the outset we observe that if plaintiff is entitled to judgment as a matter of law the trial court properly rendered summary judgment in his favor for there is no genuine issue of material fact. LSA-C.C.P. Article 966.
We determine that plaintiff is entitled to a judgment as a matter of law and affirm.
We find no merit in appellants' contention that plaintiff should be deprived of his commission because the sale was not passed within 30 days as provided in the "buy-sell" agreement.
According to the plain and explicit terms of the agreement in question plaintiff was entitled to his commission "at close of sale". This payment was not made contingent upon the sale being passed within 30 days but rather upon the buyer, Anderson, ultimately taking title under the agreement. As aforesaid, Anderson took title on July 28, 1976, albeit, not within 30 days. It is clear from appellants own admissions that the sale was passed as a direct result of the agreement which plaintiff negotiated on behalf of defendants.
Agreements legally entered into have the effect of law on those who have formed them (LSA-C.C. Article 1901) and *288 the courts are bound to give legal effect to such contracts according to the true intent of the parties. LSA-C.C. Articles 1945 and 1963. The intent of the parties is to be determined by the words of the contract and when these are clear and explicit, the terms of the contract must prevail.
In addition, it is well settled that a realtor is entitled to a commission, even though the sale is consummated after termination of the agency contract, if the realtor was the procuring cause of the sale. Carter v. Hayes, 337 So.2d 295 (La.App. 2nd Cir. 1976, writ refused La., 339 So.2d 854); Cramer v. Guercio, 331 So.2d 550 (La.App. 1st Cir. 1976) and cases therein cited.
Appellants rely on Adams v. Adams, 283 So.2d 503 (La.App. 1st Cir. 1973) as standing for the legal proposition that a landowner cannot be held liable to the real estate broker for his commission where the prospective purchaser fails to purchase within the period of time stipulated in the "buy-sell" agreement. We concede that the cited case appears to so hold. However, a materially distinguishing fact between Adams and the instant case is that in the former, upon default by the prospective buyer, the sale was never consummated. Additionally, the reported opinion in Adams, supra, does not indicate whether or not, under the agreement there in question, payment of the broker's commission was contingent upon the sale being passed within the time stipulated for in the agreement. As aforestated, under the explicit terms of the agreement between plaintiff and defendants the payment of plaintiff's commission was not dependent upon the purchaser taking title within a stipulated time, rather defendants agreed to pay plaintiff his commission "at close of sale". To decide otherwise, under the facts of this case, would lead to the absurd consequence that a broker could be deprived of his commission by the parties to a "buy-sell" agreement simply agreeing that passage of sale should be delayed beyond the time stipulated for in the contract.
Appellants' alternative contention is equally without merit. There is nothing in the contract which required plaintiff to see to it that the prospective vendee specifically comply with his contract to buy. Clearly, plaintiff could not judicially or extra-judicially force the prospective vendee to specifically perform. This right belonged to the prospective vendors, whose threatened enforcement of this right resulted in Anderson's ultimate purchase of the property for the consideration stipulated for in the contract. Under these circumstances, considering the terms of the "buy-sell" agreement, plaintiff is entitled to his commission.
For the reasons assigned the judgment of the trial court is affirmed. Appellants are cast for all costs of this appeal.
AFFIRMED.
CULPEPPER, J., dissents and assigns written reasons.
CULPEPPER, Judge, dissenting.
I think the handwritten statement on the buy-sell agreement that "We hereby agree to pay Phil Sleet Realtor a 10% sales commission at close of sale" should be construed only as meaning that the commission would be paid if the prospective purchaser bought the property within the thirty days provided in the printed portion of the agreement. The handwritten words "at close of sale" can refer only to the sale which was to be consummated within thirty days. No sale at any other time is mentioned, and I don't think the court has the right to change the contract to mean that the sale could be at a later time.
The majority states that under the plain terms of the agreement, plaintiff was entitled to his commission "at close of sale", and that this payment was not made contingent upon the sale being passed within thirty days. I agree the agreement is clear and explicit, but I think it is clear the words "at close of sale" mean the sale referred to in the printed portion of the agreement, i. e., within thirty days. If the court is to say that the parties agreed to some other time within which the sale could be completed, *289 then what is that time? Is it three months or six months or one year or ten years or what? I think it is unreasonable to construe this agreement as being that the realtor was going to receive his commission if any sale was ever accomplished between these two parties, regardless of how many months or years elapsed.
However, at the very least the buy-sell agreement is ambiguous. The handwritten words "at close of sale" could mean the sale which was to be consummated within thirty days, or it could mean a sale at a later time. This ambiguity raises a fact issue on which parol evidence is admissible, and summary judgment is not appropriate.
The majority states it is well settled that a realtor is entitled to his commission, even though the sale is consummated after the termination of the agency contract, if the realtor was the "procuring cause" of the sale. The two cases cited by the majority for this proposition involve listing agreements which contained express provisions that if a sale was consummated after the listing period, the realtor was entitled to his commission if he was the procuring cause of the sale. This is a customary provision in listing agreements. However, in the present case, there was no listing agreement. How can the court supply such a contract between these parties? I think one of the fundamental errors on the part of the majority is that they are deciding this case as if a listing agreement containing a "procuring cause" provision exists, when, actually, there was no listing agreement.
The majority distinguishes Adams v. Adams, 283 So.2d 503 (La.App. 1st Cir. 1973) and the cases cited therein, on the basis that in those cases no sale was ever consummated between the landowner and the prospective buyer, whereas, in the present case, a sale was finally consummated. I think Adams v. Adams and the other cited cases are applicable here. The rationale of these cases is that the realtor must procure a buyer who is ready, willing and able to purchase the property in compliance with the buy-sell agreement. In the present case, the prospective purchaser was not willing to comply with the buy-sell agreement. He refused to buy within the thirty days stipulated. The landowners sought the assistance of the realtor to secure compliance by the purchaser, but the realtor refused to assist. The landowners then formally discharged the realtor and they actually filed a suit for specific performance against the purchaser. As a result of these actions by the landowners, the buyer finally purchased the property 79 days after the date of the buy-sell agreement. But, of course, this sale was not consummated in compliance with the buy-sell agreement. Since there was no sale in compliance with the buy-sell agreement, the legal result is the same as if there was never a sale.
The majority disposes of the alternative contention of the landowners by simply stating that there is nothing in the contract which required the realtor to see to it that the prospective purchaser complied with his agreement to buy the land. Of course, in the present case, there was no written listing agreement between the realtor and the landowners. Obviously, there was some agreement pursuant to which the realtor procured Anderson as a prospective purchaser. But, the record does not show the provisions of this agreement, except that the affidavit filed by the defendants in opposition to the motion for summary judgment states that the realtor "failed to fulfill his agreement to bring about the completion of the sale." Under the rule applicable to summary judgments, this raises a question of fact as to whether there was an agreement by the realtor to bring about the completion of the sale. Certainly there is nothing unusual or illogical about such an agreement being made by a realtor. In my view, the primary obligation of every realtor is to procure a purchaser who is ready, willing and able to buy the property. In the present case, the realtor failed to meet this obligation. The prospective purchaser refused to buy the property within the 30-day *290 period expressly stipulated in the buy-sell agreement.
It is most disturbing to me that the majority has chosen to ignore the provision of the buy-sell agreement that the sale would be consummated within 30 days. Under the majority decision, "procuring cause" provisions in listing agreements will no longer be necessary to limit the time within which the sale must be completed for the realtor to receive his commission. All a realtor will have to do in the future is insert in the buy-sell agreement a vague provision that his commission will be paid "at close of sale", and he will receive his commission even though the prospective purchaser does not buy within the time specified in the agreement. This will mean that the realtor will receive his commission if the prospective buyer ever buys the property, regardless of whether it is three months, three years, or ten years later. In my view, this is illogical. When a vendor signs a buy-sell agreement which provides for a sale within a certain time, he probably has reasons for wanting the sale to be completed within that time. He may need the money within that time to pay off other obligations, or to purchase other property, or he may want to sell the property within that time because of changing market conditions, etc. I think the time limitations in these agreements should be enforced as written. Otherwise, the court is in effect writing contracts for the parties, which it has no right to do.
For the reasons assigned, I respectfully dissent.