DUFRESNE, Judge.
The Three-Eleven Shop, Inc., plaintiff herein, brought this action seeking an interpretation of Section 7 of Article I of the lease agreement with Greater Lakeside Cor *1205 poration, defendant herein. The plaintiff also sought the return of a portion of money paid to the defendant “under protest”. The subject lease agreement was executed on January 7,1979 by FNR Louisiana No. 1, Inc. (Lessor) and House of Nine, Inc. No. 103 (Lessee). Thereafter, plaintiff (Three-Eleven) and defendant (Greater Lakeside) became successors in interest of the lessee and lessor respectively.
The trial court rendered judgment dismissing plaintiff’s petition with prejudice and ruled that Section 7 of Article I is clear and precise and not ambiguous or vague. The judgment further ordered that the plaintiff is obligated to pay additional rent as required by the lease and that the amount for 1979 was past due and payable in the amount of $2,524.92. From this judgment the plaintiff has appealed.
Although the plaintiff has expounded numerous issues in his brief, the main issue for this court to decide is the interpretation of the language of Section 7 Article 1 of the lease, which reads as follows:

“Increased Taxes

Section 7.
Lessor will pay in the first instance all real property taxes which may be levied or assessed by any lawful authority against the land and improvements in the shopping center. If the amount of the real property taxes levied or assessed against the land and building of which the leased premises form a part shall in any lease year exceed the amount of such taxes during the first full tax year, the lessee shall pay as additional rent one-half (V2) of one percent (1%) of such excess. The term “first full tax year” shall mean the lease year in which this lease commenced. The tax year of any lawful authority commencing during any lease year shall be deemed to correspond to such lease year. The additional rent provided for in this Section 7 shall be paid within twenty (20) days after demand therefore by Lessor. A tax bill submitted by Lessor to Lessee shall be sufficient evidence of the amount of taxes assessed or levied against the parcel or real property to which such bill relates.” (Emphasis added)
In reviewing this section of the lease, we must ascertain whether the section is a legally acceptable contract. Article 1779 of the Louisiana Revised Civil Code provides:
“Four requisites are necessary to the validity of a contract:
1.) Parties legally capable of contracting.
2.) Their consent legally given.
3.) A certain object, which form the matter of agreement.
4.) A lawful purpose.
In this instant case we are convinced that there is no question that all four requisites have been satisfied. Under Louisiana law, “All agreements have effect of law upon parties and they are bound by agreement, regardless of harsh consequences, provided that agreement is not contra bonos mores or in violation of some prohibitory law.”
Generally parties to a contract may agree to any terms, conditions or things which are not forbidden by law or public policy. The parties in this appeal entered into a lease (via the assignments) for the premises located in the Lakeside Shopping Center. One of the sections of the leases contained provisions relative to the payment of increased real estate taxes by the Lessee (plaintiff). There is no factual dispute in this case, only the issue whether this section of the lease is vague and uncertain or clear and explicit.
The parties have obligated themselves through the terms and conditions set forth in the entire lease. In Sleet v. Gray 351 So.2d 286 (La.App. 3rd Cir.1977). The Third Circuit Court of Appeal declared:
“Agreements legally entered into have the effect of law on those who have formed them (LSA-C.C. Article 1901) and the courts are bound to give legal effect to such contracts according to the true intent of the parties. LSA-C.C. Articles 1945 and 1963. The intent of the parties is to be determined by the words of the contract and when these are clear and *1206 explicit, the terms of the contract must prevail.”
Although the plaintiff has tried to present various interpretation of Section 7, we agree with the trial court that this section is clear and precise and not ambiguous or vague. The trial judge interpreted Section 7 of Article I of the lease agreement to mean that “plaintiff, Three-Eleven Shop, Inc. is obligated to pay one-half of one percent (.5%) of that excess ad valorem taxes assessed against the lessor on all the land and improvements in the shopping center”.
This involves a simple mathematical computation to determine the amount of additional rent that the plaintiff must pay in any given year. We further realize and understand the many arguments presented by the plaintiff, however, we concur with the conclusion that “it is not the province of the courts to relieve a party of a bad bargain; no matter how harsh”. Maloney v. Oak Builders, Inc., 235 So.2d 386 (1970), Louisiana Power & Light Co. v. Mecom, 357 So.2d 596 (La.App. 1st Cir.1978).
For the reasons assigned, the judgment of the trial court is affirmed. All costs of appeal are assessed to the plaintiff.

AFFIRMED