## ELLIS vs. WHITLOCK.

1. An action of debt will lie for the recovery of the penalties imposed by the first section of the act to prevent certain trespasses. The word " section," as used in the third section, should be read " sections."

2. This is not to be regarded as a penal statute—it merely gives the injured party an increase of damages.

3. The rule which requires penal statutes to be construed strictly, merely restrains such construction as would increase the penalty.

## ERROR to Clinton Circuit Court.

LEONARD, *for Plaintiff in error, insists :*

That debt lies for the penalty given in the first section of the act concerning trespasses. Statute 1845; Commonwealth vs. Loring, 8 Pick., 370; Ex-parte Brown, 21st Wend., 31C.

HICKMAN & WELLS, *for Defendant in error, insist :*

1. That the action of debt will not lie at common law for a trespass, such as the one complained of in this case. On this point there can be no doubt.

2. That the third section does not give the remedy for any thing but the *penalties* mentioned in the second section—not for the *damages* in the first or second section.

3. The declaration is not brought for the trespasses mentioned in the act.

SCOTT, J., *delivered the opinion of the Court.*

This was an action of *debt*, commenced in January, 1847, by the plaintiff in error against the defendant in error, under the first section of the act entitled "An act to prevent certain trespasses," approved 10th February, 1845. There was a demurrer to the declaration, which being sustained, the plaintiff sued out a writ of error.

The first section of the above recited act gives treble damages for injuries to trees or for injuring or carrying away stones, ore, gravel, &c., or for cutting down or carrying away grass, grain, &c., or for breaking glass in a house. The second section of the said act imposes a penalty of $5, and double the amount of damages a party may sustain in consequence of another's voluntarily throwing down or opening any doors, bars, gates, &c. The third section of the act prescribes that all penal-

ties contained in the *preceding section* may be recovered by action of trespass or debt founded on this statute by indictment.

The objection of the defendant to the declaration is, that it is in debt, and not in trespass. That the third section of the act using the words *preceding section*, the remedies given by it are only intended for the recovery of the penalty contained in the second section, and do not extend to those contained in the first section, but that the party is left to the remedy at common law for them.

The first legislation on this subject was by the act of 30th of January, 1817, entitled "An act for the prevention of certain trespasses." By that act, the trespasses enumerated in the first and second sections of the act of 1845 were all embraced in one section, and the action of debt was given for their recovery. In the revision of 1825, this act was preserved in the form in which it was originally enacted. The plan adopted in the revision of 1835 was to subdivide sections when they embraced several subjects; and under that system, what had been previously contained in the first section of this act was spread out into two in the manner it stands under the law now in force, which has been shown above. The third section of the act of 1835, which is, as has been observed, in the form the law at present assumes, and under which this action was brought, expressly refers to the *preceding section*, and gives the action of debt as well for the trespasses enumerated in the first as in the second section. This summary of the history of the revision of the statute under consideration is sufficient to show that the Legislature intended no change in the remedies for the recovery of the damages given by the act concerning trespasses. That the addition remedy of an action of trespass was given by the act of 1835, in no wise weakens the argument.

It would seem strange that the Legislature should denounce penalties against trespasses of a like nature, and should give a double remedy for those of the least aggravated character, leaving those of a more violent cast to a single remedy. There is nothing in reason for attributing such conduct to the General Assembly. The argument is not affected by the circumstance that the second section of the act gave, in addition to the double damages, a penalty of five dollars. We think, therefore, that we are well warranted in reading the word " section" " sections," as in the case of Frazier & Dellenger vs. Gibson, 7 Mo. R., 271; the word " judgment" in a statute was held to mean " assignment."

The third section of the act gives the action of debt for the recovery of the penalties of the preceding section, when but one penalty is given by that section, so that we have to depart from the letter of the statute

at least to make it effectual. If this can be done in one instance, why not in another? But it may well be argued that the third section using the word *penalties*, when by the preceding section only one penalty had been given, it must have been intended to embrace the penalties of the first section.

The rule which requires penal statutes to be construed strictly, is not applicable here, for it is a principle that when a party is entitled to an action at common law, and an act of the Legislature comes and gives him an increase of damages, that is not to be taken as a penal statute. Phillips vs. Smith, 1 Strange, 137; Cro. Jac., 413. Moreover, it would seem that the operation of this rule merely restrains such a csnstruction as increases the severity of the penalty.

The other Judges concurring, the judgment will be reversed and the cause remanded.