84   157
144   568

THE PEOPLE *ex rel.* C. D. F. Smith

*v.*

THE COMMON COUNCIL OF THE CITY OF AURORA *et al.*

1. COMMON PLEAS COURTS *for Elgin and Aurora continued in force by new constitution.* The courts of common pleas for the cities of Elgin and Aurora were continued in force subsequent to the adoption of the present constitution, as they existed under the act of February 16, 1859, until the " Act in relation to Courts of Record in Cities," in force July 1, 1874.

2. SAME—*effect of act of* 1874. By the act of 1874 in relation to city courts, the courts of common pleas for the cities of Elgin and Aurora were continued the same as they were, except the name was changed, and their jurisdiction was made concurrent with circuit courts, within the city, in all civil cases, in all criminal cases except treason and murder, and in appeals from justices of the peace, and it was provided that the proceedings and practice therein should be the same as in circuit courts, and that the judge should be elected the same as other city officers.

3. The word " city," in the act of 1874, is used merely to designate an election district, but this does not require that a judge shall be elected in each of said cities. One judge may still be elected for both courts, as before.

This was an application, in this court, by C. D. F. Smith, for a *mandamus* against the common council of the city of

158      The People ex rel. v. City of Aurora.      [Sept. T.

Opinion of the Court.

Aurora and the city council of the city of Elgin, to compel them and the clerks of the city courts in said cities to cause an election to be held, according to law, by the legal voters of said cities, for a judge for the city court of Aurora and city court of Elgin.

The respondents demurred to the relator's petition, and thus the question was presented to the court.

Mr. C. D. F. Smith, *pro se.*

Mr. M. O. Southworth, for the City of Aurora; Mr. Eugene Clifford, for the City of Elgin.

Mr. Justice Scholfield delivered the opinion of the Court:

Courts of common pleas having been established in the cities of Elgin and Aurora, by previous acts of the General Assembly, it was provided by an act of the General Assembly amendatory thereof, in force February 16, 1859, that one judge should be elected by the qualified electors of the two cities, for both courts. The first election was to be on the fourth Monday of February, 1859, and thereafter the election was to be held on the fourth Monday of February of every succeeding fourth year. The person so elected was to hold his office until his successor should be elected and qualified. It is, provided by section two of this act: "That if, for any cause, an election should not be held at the time herein specified,  *  *  then an election shall be held in the same manner provided for in case of vacancy, as specified in this act." This is found in section 6, as follows: "In case of vacancy  *  *  *  in the office of judge, immediately upon the fact becoming known, it shall be the duty of the clerks of said courts to fix upon a time, within four weeks thereafter, for a new election of judge, and to give notice thereof in their respective cities at least ten days before said elections, in a public newspaper in such city, for the same time, which shall be conducted in the same manner as provided by section two of this act."

No election for such judge was held, or ordered to be held,

on the fourth Monday of February. 1875, and the relator asks a peremptory *mandamus* " commanding the city council of the city of Elgin and the common council of the city of Aurora, and the clerks of said courts, to cause an election to be held, according to law, by the voters of said cities, for a judge of the city court of Elgin and the city court of Aurora."

There can be no question that the courts of common pleas for the cities of Elgin and Aurora were continued in force subsequent to the adoption of the present constitution, as they existed under the act of February 16, 1859, until the "Act in relation to Courts of Record in Cities," in force July 1, 1874, became a law, for this is expressly provided for by the fifth section of the schedule to the constitution. The only question is, to what extent does the last named act repeal or modify the provisions of the act of February 15, 1859.

It is enacted, by the first section of the act of July 1, 1874, that the several courts of record now existing in and for cities, and such as may hereafter be established by law in and for any city in this State, shall severally be styled " The city court of (name the city), and shall have concurrent jurisdiction with the circuit courts, within the city in which the same may be, in all civil cases and in all criminal cases except treason and murder, and in appeals from justices of the peace in said city; and the course of proceeding and practice in such courts shall be the same as in the circuit courts, so far as may be."

Section five provides that the judges of such courts, respectively, shall be elected by the qualified electors of such city, in the same manner that city officers of such city are elected," etc.

Section twenty is as follows: " The several courts of record *now* established *are hereby continued* under the name and style of ' The City Court of (name of city),' with all the powers and jurisdiction conferred by this act."

The changes effected, where the local acts otherwise provided, are plainly these, and none other:

*First.* The name of the court is changed.

*Second.* It has jurisdiction concurrent with the circuit court, within the city, in all civil cases, in all criminal cases except treason and murder, and in appeals from justices of the peace.

*Third.* The course, proceeding and practice are the same as in the circuit courts.

*Fourth.* The judges are to be elected in the same manner that city officers are elected.

That the word " city " is uniformly used in the singular number, we regard of no significance to show that it was intended the judge should be elected from a single city, where, before, he was required to be elected from two or more cities, for this is used merely as a designation of the election district, which, in the cases of the courts thereafter to be organized, was a single city. A rule of construction laid down in the same revision of the laws for the construction of this and other laws embraced in the revision is, " Words importing the singular number may extend and be applied to several persons or things, and words importing the plural number may include the singular." (Rev. Stat. p. 1011, § 1—3d clause.)

The section of the schedule before referred to continued the courts then in existence, " until otherwise provided by law," and the language of the twentieth section continues the courts then established, but under a different name.

We are of opinion this continued the courts of common pleas of Elgin and Aurora, under the name of city courts, to be held by a single judge, as they were then established, and who should continue to be elected by the votes of both cities. This is not repugnant to any provision in the act, and there is nothing from which it clearly appears that this feature in the organization of the court was to be changed.

The peremptory *mandamus* is awarded.

*Mandamus awarded.*