**(111 So. 425)**

**No. 26248.**

## FIDELITY & DEPOSIT CO. OF MARYLAND v. MAHLEN et al.

(Jan. 3, 1927.  Rehearing Denied Jan. 31, 1927.)

*(Syllabus by Editorial Staff.)*

Indemnity ⬤⟿3—Contract indemnifying surety furnishing two bonds, agreeing to hold surety harmless from loss on "said bond," held not void for uncertainty (Rev. Civ. Code, arts. 14, 1946).

Contract indemnifying surety having furnished two bonds, agreeing to hold surety harmless from all loss and liability on "said bond" up to certain sums, *held* not void for uncertainty because referring to only one of such bonds, since use of singular is clerical error patent on face of instrument and when construed according to method used in construing statutes, in accordance with Rev. Civ. Code. arts. 14, 1946, singular will be given plural meaning, since there was more than one bond previously referred to.

Appeal from First Judicial District Court, Parish of Caddo; J. H. Stephens, Judge.

Action by the Fidelity & Deposit Company of Maryland against J. C. Mahlen and others. Judgment for plaintiff, and defendants appeal. Affirmed.

Cal D. Hicks, Bullock & Warren, and Wilkinson, Lewis & Wilkinson, all of Shreveport, for appellants.

F. G. Thatcher, of Shreveport, for appellee.

ST. PAUL, J.  One E. R. Darrow entered into a contract to erect an apartment house and remove a residence for one Mrs. Kate Wells, for the price of $23,000. He furnished *two bonds*, each for $23,000, one for the faithful performance of the contract, and one for the payment of all workmen and furnishers of materials; and plaintiff became his surety on both bonds.

### I.

On the same day the defendants entered into a contract of indemnity towards plaintiff, the condition thereof being that, whereas plaintiff had furnished the *two bonds* aforesaid, therefore said indemnitors agreed (in effect) to hold said plaintiff harmless from all loss and liability on "said bond [singular]" up to the sum of $4,000.

### II.

Thereafter plaintiff, by reason of the defaults of said Darrow, incurred liability and suffered loss, as surety for said Darrow, in a sum exceeding $4,000; and plaintiff seeks herein to recover the amount of said loss from defendant (up to the sum of $4,000) upon the aforesaid contract of indemnity.  And the defense is, in substance, that the alleged contract of indemnity is void for uncertainty, because it referred to only *one* of said bonds without mentioning which.

### III.

The trial judge had no difficulty in concluding that the contract of indemnity referred to *both* bonds; nor have we.  The use of the singular, "said bond," whereas *two* bonds had been given, was a clerical error patent on the face of the instrument.

There is no radical difference between the method to be pursued in construing and interpreting contracts and that which prevails with reference to statutes. R. C. C. 1946.  In either case, the object is to grasp the intention of the author; and as to statutes, our Code cautions us to lay no undue stress upon "the niceties of grammar rules" (R. C. C. 14), and that "the singular is often employed to designate several persons or things; the *heir*, for example, means the heirs, where there are more than one" (R. C. C. 3556, subd. 2).  Hence we would have no difficulty, when construing a statute, in holding that "said bond (singular)" meant "said bonds (plural)," where there was more than one bond previously referred to.

And that is not peculiar to this jurisdic-

tion. Thus. in State ex rel. Woodward v. Skeggs, Probate Judge, 154 Ala. 249. 46 So. 268, the words "said bill [singular]" was held to mean "said bills [plural]," when ten (legislative) bills had just previously been mentioned in the legislative journal. In Ellis v. Whitlock, 10 Mo. 781, it was held that the words "preceding section [singular]" meant "preceding sections [plural]," where several sections on the same subject preceded. And in People v. Aurora, 84 Ill. 157. it was held that "city [singular]" meant "cities [plural]," when there were several cities in a single judicial district from which one judge was to be elected. On the other hand, in Jocelyn v. Barrett, 18 Ind. 128, "the above-mentioned acts [plural]" was recognized as a mere clerical error, when, in fact, but one act was previously referred to; and in Hogan v. State, 36 Wis. 226, it was held that an act "dangerous to others [plural]" included an act dangerous even to only one other [this in a criminal statute, to be construed strictly].

We think the judgment below was correct.

### Decree.

The judgment appealed from is therefore affirmed.