FOURNET, Justice.
 

 The defendant, Miss Carmen Delgado, is appealing from a judgment ordering the specific performance of a contract entered into between herself and the plaintiff, George W. Weingart, Jr., for the purchase of her property located at 1821 Milan street in the city of New Orleans for the price of $12,000 cash. She is resisting the demand of the plaintiff on the ground that the sale was conditioned upon the plaintiff’s ability “to borrow upon this property as surety the sum of $10,000.00 either by a Homestead loan from any Homestead on the usual Homestead terms, or by a mort
 
 *755
 
 gage loan from some other source at a rate of interest not to exceed Six % per annum and for a period not less than 15 years, which loan the purchaser obligates himself to obtain if procurable. Either loan to be secured by purchaser or agent 10 days from acceptance thereof,” which condition she claims was not fulfilled within the time specified. In the alternative she pleaded that the contract to purchase “is potestative as to its terms in that there is no comma after the word ‘source’ in said agreement and that, grammatically construed, the rate of interest is not fixed and the purchase price is, therefore, indeterminate, and the defendant desires to avail herself thereof and pleads the potestative condition in her favor in said contract or agreement.”
 

 It appears that C. E. Strauss had been unsuccessfully endeavoring to sell the defendant’s property for several months when, upon the solicitation of one of his representatives, the plaintiff agreed to buy the property for the sum of $12,000 cash, provided he could obtain a $10,000 loan from a building and loan association, only signing the offer on October 11, 1941, after he had been assured by the Globe Homestead Association that' it would approve such a loan, the offer being accepted by the defendant on the same day when it was presented to her by C. J. Dahmer, the soliciting agent of Strauss who negotiated the transaction.
 

 The primary defense of the defendant is without merit. , Dahmer testified that before signing the offer made by the plaintiff, the defendant wanted to be assured that the plaintiff had obtained a homestead’s approval of the loan specified therein, since á previous offer made by him had been rejected, and Dahmer informed her that the loan had been secured that morning. This the defendant denied. However, whether she received this actual notice or not is immaterial, since it is elementary that the knowledge of an agent (with some exceptions not pertinent here) is imputed to his principal. Culver v. Culver, 188 La. 716, 178 So. 252; 2 Am.Jur. 286, Section 368; 3 C.J.S., Agency, p. 194, § 262.
 

 But counsel for defendant argue m brief that at the time the contract was signed by the defendant, neither Strauss nor his representative, Dahmer, was Miss Delgado’s agent; consequently, that such notice as he may have had was not binding on her.
 

 Counsel is mistaken in that respect, for Strauss testified that he had been representing Miss Delgado for the sale of her property for several months. This she admitted on cross-examination. Moreover, she is estopped to deny that Strauss was authorized to represent her as her agent in this transaction, for she signed plaintiff’s offer, wherein was contained the stipulation that Weingart agreed to immediately pay to the “vendor’s agent” the sum of $1,200 (10% of the purchase price), and she made no protestation when Strauss informed her by letter on October 13, 1941, the Monday following the signing of the contract, that he had received this deposit.
 

 Counsel contend further in their written and oral argument that since the evidence
 
 *757
 
 ■disclosed the homestead’s agreement to make' the $10,000 loan was conditioned on its retention of $800 to cover certain repairs to be made to the premises, the plaintiff failed to comply with the condition in the contract to secure a loan of $10,000.
 

 This contention is equally without merit, for, as was pointed out by this court in the case of Morrison v. Mioton, 163 La. 106S, 1066, 113 So. 456, 459, the condition relative to the procuration of a loan “was inserted in the contract.solely for the benefit of the prospective vendee, who was unwilling to bind himself unless he was able to secure the purchase price.
 
 The prospective vendor was without interest except to obtain that piice in cash.”
 
 (Italics ours.)
 

 Defendant’s’ alternative plea is also untenable, for in construing contracts we are not as much concerned with the niceties of grammar (Articles 14 and 1946 of the Revised Civil Code; Fidelity & Deposit Co. of Maryland v. Mahlen, 162 La. 1073, 111 So. 425; Dawson v. Ohio Oil Co., 153 La. 657, 96 So. 508; 12 Am.Jur. 799, Section 255) and the technicalities of punctuation (Housing Authority v. Henry Ericsson Co., 197 La. 732, 2 So.2d 195; 12 Am.Jur. 799, Section 256; 17 C.J.S., Contracts, p. 723, § 306) as we are with the intention of the parties (Article 1950 of the Revised Civil Code; Snelling v. Adair, 196 La. 624, 199 So. 782, and the authorities therein 'cited), which must be determined from the contract as a whole. Articles 1955 and 1959 of the Revised Civil Code; Flaherty v. Jackson, 152 La. 679, 94 So. 316; Boisseau v. Vallon & Jordano, 174 La. 492, 141 So. 38; Noel Estate v. Kansas City Southern & Gulf Ry. Co., 187 La. 717, 175 So. 468; and 12 Am.Jur. 772, Section 241.
 

 We think a mere reading of this contract, particularly the portion questioned, leaves no doubt that it was the intention of the parties that the rate of interest to be paid on the loan would not exceed
 
 6%
 
 per annum, .regardless whether the loan was secured from a homestead or some other source.
 

 Still another question is raised by counsel, that is, that since the contract was conditioned upon the plaintiff securing a $10,000 loan, it is invalid because it was contracted on a potestative condition.
 

 In the first place, this issue was not raised by the pleadings, appearing for the first time during the written and oral argument. In any event, this identical question was decided adversely to counsel’s contention in the Mioton case, supra, where the court said: “Whatever may be the nature of the obligation imposed by the contract [to secure a loan from a homestead association or other source] upon plaintiff, it is clearly not potestative, since its execution does not depend solely upon his will. Civ.Code, art. 2024. The agreement is the law between the parties, and must be performed in good faith. Civ. Code, art. 1901. Plaintiff’s inescapable duty, under the plain terms of the contract was to apply to the Orleans Homestead Association for a loan in order to obtain the money required for the purchase of the property. Favorable action by the association on such application would have fixed absolutely upon plaintiff the obliga
 
 *759
 
 tion to take the property and pay the price.”
 

 For the reasons assigned, the judgment appealed from is affirmed, at appellant’s cost.