REGAN, Judge.
The plaintiffs, Angelo A. Paternostro, Joseph S. Paternostro and Lloyd E. Ducotte, filed this suit against the defendant, Phillip Capitano, endeavoring to obtain specific performance of an agreement to buy and sell certain real estate located in the Parish of Jefferson, Louisiana. In the alternative, the plaintiffs sought to recover the sum of $8,400.00, together with reasonable attorney’s fees, for the breach of the contract.
The defendant answered and denied that the plaintiffs were entitled to specific performance, and also denied that he was guilty of a breach of the agreement. The defendant explained that the contract was rendered null and void when the plaintiffs failed to obtain the proper financing as stipulated in the agreement and that a deposit of 10% was never made by the plaintiffs in conformity with the terms thereof.
From a judgment in favor of the defendant, the plaintiffs have prosecuted this appeal.
The record discloses that on December 3, 1965, the plaintiffs signed an agreement similar to the standard New Orleans Real Estate Board contract to purchase Lots 10 and 11 in Square 8 of the Trudeau Park Subdivision in the Parish of Jefferson, which lots formed the corner of West Metairie Avenue and Howard Street. The property was sold for the sum of $42,000.00, on terms of $17,000.00 cash, and the balance of $25,000.00 was to be financed by the vendor at 8% interest per annum over a period of 15 years as a second mortgage. The sale was conditioned upon the ability of the purchaser to borrow $17,000.00 by a mortgage loan or loans at 6% per annum payable over a 20 year , period.
The contract provides that if the purl chaser is unable to obtain the loan stipulated within 60 days from the acceptance thereof by vendor, then the agreement shall become null and void and the purchaser is to receive the return of his deposit in full. It is significant to point out that the parties struck out the words “seller or agent” in the contract so that only the purchaser possessed the right to procure the loan. In addition thereto, the contract provides *896 that the act of sale was to he passed on or prior to March 3, 1966, a maximum of 90 days after the date that the agreement was signed.
The parties further stipulated by virtue of a handwritten insertion in the contract that the seller agrees to remove the building located on the property to slab level before the act of sale. This provision originally read “ * * * before March 3, 1966”, but was amended by the parties to read “ * * * before act of sale”.
It is undisputed that the defendant did not remove the building then existing on the property to slab level before March 3, 1966. On the contrary, a portion of the building remained on the premises when the trial hereof occurred. It is because of this failure by the defendant to remove the building, which incidentally was severely damaged by Hurricane “Betsy”, that the plaintiffs predicate the breach of the agreement by the defendant and consequently this suit for specific performance.
However, to reiterate, only for the purpose of emphasis, the contract explicitly provides that should the purchaser be unable to obtain the loan stipulated therein within 60 days from the date of acceptance, that is December 3, 1965, the contract shall then become null and void. The evidence introduced into the record is very clear to the effect that no loan commitment or loan of any kind was ever obtained by the plaintiffs. At the trial in the lower court, the plaintiffs endeavored to show by the introduction of bank deposit records that they had sufficient money to purchase the property on the date scheduled for the act of sale and that consequently no loan was necessary. This self-serving declaration is of no significance since the record emphatically discloses that their lack of need of the loan was never communicated in any way to the defendant on or prior to February 3, 1966.
In view of the fact that the plaintiffs did not obtain the loan as stipulated by February 3, 1966, by the very terms of the agreement it became null and void; consequently, the plaintiffs cannot obtain specific performance or damages predicated upon a contract which had become null by virtue of the very terms thereof.
The plaintiffs argue that the alteration of the date on which the building on the property was to be demolished extended the date for the passing of the act of sale from March 3, 1966, to a date which would be “reasonable” under the circumstances.
This argument is untenable, since the contract stipulates that the act of sale was to be passed on or prior to March 3, 1966. The change of the date for demolition of the building from March 3, 1966, to a date “before” the passage of the act of sale was merely to assure the purchasers of the property that the building would be demolished prior to the sale, which could occur theoretically before the date of March 3, 1966, in view of the fact that the contract provided for passage of the act “on or prior to March 3, 1966”. In any event, this argument is of no real significance in view of our conclusion that the agreement was rendered null and void by virtue of its own terms upon February 3, 1966, when the purchasers failed to obtain the loan of $17,000.00 stipulated therein.
In view of the foregoing conclusion, it is unnecessary for us to consider the defendant’s contention that the unsigned note given by the plaintiffs as a 10% deposit was not a valid deposit and therefore, of itself, rendered the contract nugatory.
For the foregoing reasons, the judgment of the lower court is affirmed.
The plaintiffs are to pay all costs incurred herein.
Affirmed.