SCHOTT, Judge.
On November 17, 1975, plaintiff agreed to purchase real estate from defendants for $42,000 cash, the sale to be passed on or before March 30,1976. The agreement was conditioned upon the ability of the purchaser to make a mortgage loan on the property in the amount of $33,600 according to certain terms. It then provided:
“Should the loan stipulated above be unobtainable by the purchaser, seller or agent within 90 days from date of acceptance hereof, this contract shall then be *245 come null and void, and the agent is hereby authorized to return the purchaser’s deposit in full.”[1]
In January plaintiff and his father-in-law met with defendant and informed him that plaintiff would not make a loan but would pay all cash for the property. On February 17 defendant returned the deposit to plaintiff and on the 20th advised plaintiff that in view of plaintiff’s failure to obtain a loan in accordance with the contract within 90 days from date of acceptance the agreement was null and void.
On March 23, 1976, plaintiff appeared before a notary public where he tendered the full amount of the purchase price in cash and defendants were put in default, having been notified that the sale was scheduled for that time and place.
Plaintiff’s suit for a specific performance was dismissed by the trial judge who reasoned that the sellers had no assurance that the sale would be consummated simply on the word of the plaintiff that he would pay cash instead of making a mortgage loan.
The provision conditioning the sale on the purchaser’s ability to make a mortgage loan is a suspensive condition for the sole benefit of the purchaser who may waive the provision. The sellers are interested only in getting the purchase price regardless of the source. Morrison v. Mioton, 163 La. 1065, 113 So. 456 (1927), Garlete v. Rodriguez, 126 So.2d 182 (La.App. 4th Cir. 1961).
The jurisprudence is replete with cases where under these circumstances a purchaser was found to be in default and held to the contract because he had failed to make a good faith effort to obtain the loan. For instance, Aubert v. Bourg, 259 So.2d 103 (La.App. 4th Cir. 1972), Brewster v. Yockey, 153 So.2d 489 (La.App. 4th Cir. 1963). Under these eases, plaintiff was bound by the contract whether he obtained the loan or not in the absence of good faith on his part. It would be quite inconsistent to hold that defendants may now escape their obligation simply because plaintiff has decided not to obtain a mortgage loan. The contract confers rights on the sellers but reciprocal obligations as well.
Accordingly, the judgment appealed from is reversed and set aside, and there is judgment in favor of plaintiff, William E. Felder, III, and against defendants, Marjorie Terry, wife of/and William McMullin, decreeing specific performance of the contract dated November 17, 1975, to sell for the price of $42,000 cash the following described property, to wit:
THAT CERTAIN PIECE OR PORTION OF GROUND, together with all the buildings and improvements thereon, and all of the rights, ways, privileges, servi-tudes, advantages and appurtenances thereunto belonging or in anywise appertaining, situated in the Township 12 South, Range 10 East, Southeastern Land District of Louisiana, east of the Mississippi River, in Jefferson Parish, Louisiana, in Section F, Square 1, bounded by Walter Road, 15th Street, Orchard Road and Soniat Canal, Highland Acres Subdivision, and according to a survey of re-subdivision of W. F. Calongne, C. E., dated July 30, 1957, annexed to Ordinance Number 3557 of the Police Jury of Jefferson Parish, dated September 11, 1957, registered in COB 432, folio 337, said parcel or portion of ground is situated in Plot F of said Highland Acres Subdivision and is designated as portion of Lot X, which measures as follows:
Said portion of Lot X commences at a distance of 390 feet from the intersection of 15th Street and Walter Road, commencing at a point marked “A” on said survey, and measures 109.40 feet front on Walter Road to a point marked “B”, with a width in the rear of 230.19 feet and a depth on the sideline nearest 15th Street of 199.05 feet, and a depth on the opposite sideline nearest the Soniat Canal of 239 feet.
Improvements bear House No. 374 Walter Road, River Ridge, Louisiana 70123.
*246 Accordingly, judgment is rendered ordering defendants to appear at the office of a notary public designated by plaintiff within the Parish of Jefferson at 11:00 AM on the second Monday following finality of this judgment, or at an earlier date and time agreed upon by the parties, and then and there pass the Act of Sale of the above described property in accordance with the provisions of the above contract. All costs of these proceedings are assessed against defendants.
REVERSED AND RENDERED.

. There was no real estate agent involved in this matter.