369 So.2d 265 (1979)
Mrs. Hilda Fourdais LOTZ, Mrs. Ruby Lotz Heigle, Joseph R. Lotz and George Lotz
v.
Ernest J. HESSLER, Register of Conveyances.
No. 9929.
Court of Appeal of Louisiana, Fourth Circuit.
March 7, 1979.
Rehearing Denied April 16, 1979.
Writ Refused June 11, 1979.
Roccaforte & Rousselle, Leo W. Rousselle, New Orleans, for plaintiffs-appellants.
H. Gordon Hartman, Bernhardt C. Heebe, Odom B. Heebe, New Orleans, Frank J. D'Amico, New Orleans, for defendant-appellee.
Before GULOTTA, SCHOTT and BEER, JJ.
GULOTTA, Judge.
This dispute arises out of an agreement to buy and sell real property. Plaintiffs, sellers of the property, appeal from the dismissal of their Mandamus suit directed against the Register of Conveyances and the defendant purchaser seeking cancellation of a Notarial Proces Verbal and the Agreement to Purchase the property. We affirm.
On January 6, 1978 Richard Hattier agreed to purchase the property located in the Parish of Orleans from plaintiff for a price of $32,000. The sale was conditioned upon the ability of the purchaser to borrow $25,600 at interest not to exceed nine and one-quarter percent (9¼), payable in thirty years. The standard form agreement to buy and sell provided:
"Should purchaser, seller or agent be unable to obtain the loan stipulated above within fifteen days from acceptance hereof, this contract shall then become null and void and the agent is hereby authorized to return the purchaser's deposit in full. Commitment by lender to make loan subject to approval of title shall constitute obtaining of loan."
The act of sale was to be passed before lender's Notary on or before March 3, 1978.
According to the Proces Verbal the sellers and their attorney were notified on February 16, 1978 that the Act of Sale would be passed on March 2, 1978 at the Notary's office. The Proces Verbal further states that at the designated hour the purchaser appeared and "offered . . . to comply with his agreement to purchase . . ." but that the sellers failed to appear. This document and the Agreement to Purchase *266 were registered in the Conveyance Office. Plaintiffs refused to convey title and this suit followed.
It is plaintiffs' contention that because the purchaser "neglected to notify" the sellers that he had obtained the loan within the fifteen day period, the agreement, by its terms, is null and void. Accordingly, plaintiffs claim the registration in the Conveyance Office of the null and void contract is an encumbrance on the property and should be cancelled.
The trial judge in dismissing plaintiffs' suit stated in oral reasons ". . . you have not shown reasons for cancellation of the contract." We agree.
According to the purchaser, Hattier, he had arranged to obtain the loan from his father. Furthermore, in a November 28, 1977 letter from the Security Homestead, Hattier was advised that the Homestead "will entertain permanent financing" on the property. In this letter the loan officer of the Homestead indicated that the loan was predicated on the completion of renovations and a CAB appraisal. Hattier's testimony regarding whether he had communicated to sellers the fact that he had obtained a loan is somewhat unclear. It is clear, however, that he did not communicate this fact to the sellers' attorney. According to Raymond Heigle, who was "handling" the purchase on behalf of the sellers, the purchaser had not made the loan within the stipulated time and the sellers were not informed that Hattier had obtained the loan. According to Heigle he first learned of the purchaser's commitment to obtain a loan at the time he received the February 16th letter advising that the Act of Sale was set for March 2nd.
We find no merit to plaintiffs' contention that the purchaser's failure to communicate to them the fact that the loan had been acquired within fifteen days of the date of the agreement renders the agreement null and void. The agreement places no requirement upon the purchaser to notify the sellers that a loan had been acquired. The sale is conditioned [1] upon the purchaser's ability to make a loan in the stipulated amount within a designated time and not upon the purchaser communicating acquisition of the loan within fifteen days from acceptance.
Although the trial judge did not state that he specifically found the purchaser had acquired the loan, a reasonable conclusion might be drawn from the judge's dismissal of plaintiffs' suit that he felt the purchaser did in fact acquire the loan.
It is significant that the condition in the agreement to purchase, upon which the sellers rely to nullify the contract, is one placed in the agreement for the benefit of the purchaser. In Felder v. Terry, 351 So.2d 244 (La.App. 4th Cir. 1977), writ denied, 353 So.2d 1046 (La.1978), we stated:
"The provision conditioning the sale on the purchaser's ability to make a mortgage loan is a suspensive condition for the sole benefit of the purchaser who may waive the provision. The sellers are interested only in getting the purchase price regardless of the source. Morrison v. Mioton, 163 La. 1065, 113 So. 456 (1927); Garlete v. Rodriguez, 126 So.2d 182 (La.App. 4th Cir. 1961)."
See also Weingart v. Delgado, 204 La. 752, 16 So.2d 254 (1943); Probst v. Di Giovanni, 232 La. 811, 95 So.2d 321 (1957).
We do not find our holding in the Felder case to be inconsistent with our holding in Paternostro v. Capitano, 205 So.2d 894 (La. App. 4th Cir. 1968). In Felder we ordered specific performance in a case where the purchaser, though favored with the same suspensive condition as in our case, agreed to pay cash instead of making a mortgage loan. In Paternostro, this court concluded that the agreement "became null and void" because the purchasers did not obtain the loan within the stipulated time.[2] Unlike *267 Paternostro, the purchaser in our case testified that he had acquired the loan. Under the circumstances we do not conclude that the purchaser's failure to communicate to the sellers, within fifteen days of acceptance, that the loan had been acquired makes the contract null and void. We agree with the trial judge in his conclusion that plaintiffs ". . . have not shown reason for cancellation of the contract." The judgment is affirmed.
AFFIRMED.
NOTES
[1] This condition is a suspensive one. See Felder v. Terry, 351 So.2d 244 (La.App. 4th Cir. 1977), writ denied, 353 So.2d 1046 (La.1978); Groghan v. Billingsley, 313 So.2d 255 (La.App. 4th Cir. 1975), writ denied, 318 So.2d 46 (La. 1975).
[2] See Kenney v. Wedderin, 220 La. 285, 56 So.2d 550 (La.1952).