GULOTTA, Judge,
dissenting.
I respectfully dissent.
I interpret the contractual provision that the seller shall deliver to the purchaser a merchantable title to be for the benefit of *865 the purchaser. As pointed out by the Bie-lawskis in argument, this stipulation is in the nature of a suspensive condition anala-gous to a conditional financing clause providing that a contract to purchase realty on credit shall be null and void if the purchaser is unable to obtain financing. See Felder v. Terry, 351 So.2d 244 (La.App. 4th Cir. 1977), which held that a purchaser may waive the financing clause for his benefit and pay cash. Likewise, in our case, the requirement that Landry warrant his title is a suspensive condition for the Bielawskis’ benefit and they are entitled to waive the provision and accept title with knowledge of Landry’s unconfirmed tax title.
Because I conclude the merchantability clause is for the Bielawskis’ benefit and may be waived by them, I am not persuaded by Landry’s argument that the contract became null and void and could not be enforced by either vendor or vendee upon discovery that his title was not merchantable. Although it is true that the contract provides that the seller’s inability to deliver a merchantable title within the specified period shall render the contract null and void, there is no language in the contract limiting the purchaser to that remedy alone and the contract does not explicitly rule out an election to waive the merchantability requirement and knowingly accept a defective title.
I also reject Landry’s argument that the inclusion of the broader language is necessary in view of LSA-C.C. art. 2505. Although LSA-C.C. art. 2505 provides that even in a case of stipulation of no warranty, the seller in case of eviction is liable for restitution of the purchase price, there is a proviso: “unless the buyer was aware, at the time of the sale, of the danger of the eviction, and purchased at his peril and risk.” The Louisiana Supremé Court, interpreting this codal article, held in Richmond v. Zapata Development Corp., 350 So.2d 875 (La.1977) that knowledge of a danger of eviction will not prevent the purchaser from recovering the purchase price upon disturbance of his possession, in the absence of a stipulation of non-warranty in the act of sale.
In our case it is clear that the Bielawskis had actual knowledge of the uncertainty of Landry’s tax title. According to the Richmond case, a stipulation of non-warranty under these circumstances would have sufficiently protected the seller from a suit by plaintiffs for return of the purchase price in the event plaintiffs’ peaceful possession may have been disturbed.
As pointed out by the Bielawskis, Landry’s proposed exculpatory clause confers upon a seller greater insulation against future recourse than would exist if there were no defect in the title. If we assume that no defect were discovered, title would have been warranted. With the discovery of the defect the seller is demanding greater protection than he would be entitled to if the act of sale were passed with warranty. Furthermore, purchaser could very well have not disclosed the defect and obtained title with warranty. The result of the majority’s holding is that a purchaser who notifies a vendor of a title defect is in a worse position than if he remains silent and takes a defective title. Moreover, a seller by demanding the sale be without recourse or refund will be placed in a more favorable position when he transfers a deficient title than when he transfers a merchantable title. I therefore find no merit to Landry’s position. A defect exists in the title. Purchasers are aware of the defect and they have waived the warranty. The seller is entitled to no further protection.
Accordingly, I would reverse the trial court’s judgment and order specific performance. I therefore respectfully dissent.