400 So.2d 1196 (1981)
Jim W. RICHARDSON, Jr.
v.
STAN WEBER & ASSOCIATES, INC. and J. P. Pravata.
No. 14123.
Court of Appeal of Louisiana, First Circuit.
April 13, 1981.
E. B. Dittmer, II, Bogalusa, for plaintiff-appellant.
Jim W. Richardson, Jr., Bogalusa, in pro per.
L. Jay McCreary, Slidell, Charles F. Barbera, Metairie, for defendant-appellee Stan Weber & Assoc.
J. P. Pravata, in pro per.
*1197 Before LOTTINGER, EDWARDS and PONDER, JJ.
LOTTINGER, Judge.
Plaintiff, Jim W. Richardson, Jr., appeals from the judgment of the trial court rejecting his claim for recovery of $4,700.00, the amount of deposit on a real estate purchase agreement. He named as defendants the realtor with whom the property was listed, Stan Weber & Associates, Inc., (hereinafter referred to as Stan Weber) and the prospective purchaser of the property, J. P. Pravata.
The record of trial on the merits reveals the following facts: White Stock Company, a corporation wholly owned by Richardson, was owner of the property. In August of 1977, George Higgins, as agent for the company, signed a listing agreement with Stan Weber for promotion of the sale of the property. Ron Merrill, a real estate agent with Stan Weber, secured a prospective purchaser, Mr. Pravata, who signed a purchase agreement. This agreement was signed by plaintiff himself, signifying acceptance, on October 15, 1977.
The purchase agreement stipulated the amount of Mr. Pravata's deposit as damages in the event of default by either party. Also, the agreement provided that the sale was conditioned upon the purchaser's ability to obtain financing on specified terms and stated: "Should purchaser, seller or agent be unable to obtain the loan stipulated above within 30 days from acceptance hereof, this contract shall then be null and void and the agent is hereby authorized to return the purchaser's deposit in full."
Mr. Pravata was unable to obtain financing on the terms specified in the purchase agreement. During the thirty-day time period, Mr. Merrill dealt entirely with Mr. Higgins and spoke with him several times about financing and about numerous other problems with the property. Mr. Higgins was notified of the financing problems; but plaintiff was not so informed by Stan Weber until January of 1978, when Mr. Merrill realized that plaintiff had an interest in the property and attempted to secure a release of the deposit from him. Plaintiff then declared that he would provide the financing himself. Nevertheless, Mr. Merrill returned the deposit to Mr. Pravata.
The trial judge stated in oral reasons for judgment that Mr. Pravata had made a good faith effort to obtain the financing. Since he was unable to do so within the specified time period, the purchase agreement was rendered null and void. Plaintiff's claim for the amount of the deposit as damages was rejected.
Plaintiff's sole contention on appeal is that Stan Weber breached an obligation to notify him personally of the financing problems. He argues that notification of Mr. Higgins was not sufficient because Stan Weber was placed on notice, by plaintiff's signature on the purchase agreement, that he was the ultimate principal and seller of the property.
First, we note that this contention is raised for the first time on appeal. It was not raised by plaintiff in pleading and, apparently, was not considered by the trial judge in his decision. Generally, this Court will consider only issues which were submitted to the trial court. Uniform Rules, Courts of Appeal, IX-A. See also Dugas v. Dugas, 374 So.2d 1278 (La.App. 3rd Cir. 1979).
In any event, we reject plaintiff's contention on its merits. In doing so, we do not specifically find, but assume arguendo, that Stan Weber had a duty to notify the seller of the financing problems and that Stan Weber was placed on notice that plaintiff was the ultimate seller of the property as owner of White Stock Company.
At all relevant times, Mr. Higgins was the agent of the owner of the property for the purpose of promoting its sale through Stan Weber. Plaintiff does not argue that Mr. Higgins' mandate was invalid nor that plaintiff's signature on the purchase agreement signified revocation of Mr. Higgins' mandate. In fact, plaintiff testified at trial as follows:
Q Through the entire period of time we are talking about from mid October *1198 through, let's say, mid January, was Mr. Higgins an agent on behalf of White Stock?
A Yes, sir, he was. People could deal with him as if they were dealing with me or with White Stock Company.
Notice to an agent on a matter within the scope of his authority serves as notice to the principal. Weingart v. Delgado, 204 La. 752, 16 So.2d 254 (1943); Marpco, Inc. v. South States Pipe & Supply et al., 377 So.2d 525 (La.App. 3rd Cir. 1979). Hence, notification of Mr. Higgins about the financing problems served as notice to plaintiff.
A few days prior to oral argument of this case, Stan Weber filed a peremptory exception of prescription alleging that Richardson's suit sounded in tort and therefore prescribed one year from the time Richardson knew or should have known of the alleged breach of Stan Weber's duty. Because of our decision on the merits in this case we need not decide the prescription issue.
Therefore, for the above and foregoing reasons, the judgment of the trial court, rejecting plaintiff's claim, is affirmed. Costs of this appeal are to be borne by plaintiff. AFFIRMED.